UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANNY ALBERT NICHOLS JR.,
a.k.a. Big D, a.k.a. Big Country,

       Plaintiff,                              Case No. 1:23-cv-10694

v.                                                  Honorable Thomas L. Ludington
                                                      United States District Judge

N.P. KAURE, DR. VINDHYA JAYAWARDENA,
and JODIE DEANGELO, warden,

       Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Plaintiff Danny Albert Nichols brings this civil-rights case *pro se* under 42 U.S.C. § 1983. Incarcerated at Woodland Center Correctional Facility, he sues a nurse practitioner, a doctor, and the warden because his eardrum was punctured while wax was being flushed from his ear canal.

The Complaint will be summarily dismissed because Plaintiff fails to state a claim.

**I.**

Courts must *sua sponte* dismiss an *in forma pauperis* complaint before service upon a defendant if the case is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c). A complaint is frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Although construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), *pro se* civil-rights complaints must provide "a short and plain statement of the claim showing that the

pleader is entitled to relief" and "a demand for the relief sought," FED. R. CIV. P. 8(a)(2), (3). These allegations "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). To that end, Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). So mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a plausible civil-rights claim under 42 U.S.C. § 1983, plaintiffs must allege (1) they were deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). The plaintiff must also demonstrate that the deprivation of rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986) (holding that "lack of due care by prison officials" is insufficient); *Daniels v. Williams*, 474 U.S. 327, 333–36 (1986) (limiting the protection of due process to "deliberate decisions" (collecting cases)).

## II.

### A.

Plaintiff tersely alleges Defendants violated his rights under the Sixth and Eighth Amendments as follows:

> In Jan. or Feb. of 2023, I believe Feb, Warden Jodie DeAngelo did in fact hire Dr. Jayawardena, who did in fact hire N.P. Kaure, who in Jan. or Feb. did call me down to medical and flushed my ears and found tissue stuck to my eardrum and did try and remove it and did in fact puncture my left eardrum by going too deep into my ear canal.
> . . . .

> My eardrum was punctured by nurse practitioner Kaure while in the process of cleaning my left eardrum for wax. Warden DeAngelo hires all personnel at Woodland Correctional Facility, so therefore she is responsible, as well as Dr. Jayawardena, and it is on camera, and R.N. Chen and another nurse seen what took place on that day.

ECF No. 1 at PageID.4, 6–7 (cleaned up). He seeks $1,000.00 in compensatory damages and $250,500.00 in punitive damages. *Id.* at PageID.8.

As a threshold matter, Plaintiff's claims fail against Jayawardena and DeAngelo. It is well established that a civil-rights plaintiff must allege the defendant's personal involvement under § 1983 because liability may not be based on a theory of *respondeat superior* or vicarious liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *accord Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff merely alleges that Jayawardena and DeAngelo are liable because they "hired N.P. Kaure": a textbook *respondeat superior* claim. *See* ECF No. 1 at PageID.5. Thus, neither Jayawardena nor DeAngelo may be liable for the conduct of Defendant Kaure. Nor would there be a reasonable basis for such an attribution. *See* Matthew N. Preston II, *The Tweet Test: Attributing Presidential Intent to Agency Action*, 10 BELMONT L. REV. 1, 32, 35 (2022) (attributing a person's statement to an agency "only if reasonable to do so").

Plaintiff also has not stated a claim under the Sixth Amendment. The Sixth Amendment guarantees the following trial rights to criminal defendants: the rights to a speedy and public trial, to an impartial jury, to be informed of the nature and cause of the accusations against them, to confront witnesses against them, to call witnesses on their behalf, to assistance of counsel for their defense, and to self-representation. *See* U.S. CONST. amend. VI; *Argersinger v. Hamlin*, 407 U.S. 25, 27–32 (1972) (citations omitted); *Ayers v. Hall*, 900 F.3d 829, 835 (6th Cir. 2018) (same).

When the gavel falls, however, the Sixth Amendment fades into background. *See Kansas v. Ventris*, 556 U.S. 586, 591 (2009) ("The core of the right to counsel is indeed a trial right, ensuring that the prosecution's case is subjected to 'the crucible of meaningful adversarial testing.'" (first quoting *United States v. Cronic*, 466 U.S. 648, 656 (1984); and then citing *Powell v. Alabama*, 287 U.S. 45, 57–58 (1932))). Thus, Plaintiff's allegations about his posttrial ear flushing are not cognizable under the Sixth Amendment.

That leaves Plaintiff's Eighth Amendment claim that Kaure punctured his eardrum while flushing wax from his ear. "[T]he Eighth Amendment prohibits punishments which, []though not physically barbarous, 'involve the unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citation and quotation marks omitted). The objective component of an Eighth Amendment claim requires a "sufficiently serious" harm that denies the prisoner of "the minimal civilized measure of life's necessities," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted), as defined by contemporary standards of decency, *see Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) (citation omitted). The subjective component of an Eighth Amendment claim requires the prison official's "deliberate indifference" to the plaintiff's serious medical needs. *Farmer*, 511 U.S. at 837 ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

But there is no deliberate indifference here. Should a punctured eardrum satisfy the first element, it still cannot bear the weight of a claim without proof of the defendant's recklessness to a known risk. *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (holding that "careless[] or inefficaciousl[]" treatment "does not rise to the level of a constitutional violation"). Plaintiff merely hints at Kaure's potential negligence while performing a task that ended in an injury: that

his eardrum was punctured while she was flushing a piece of tissue from his ear canal. Unlucky, surely, but not enough to meet the high bar of deliberate indifference to a serious medical need. *Broyles v. Corr. Med. Servs.*, 478 F. App'x 971, 975 (6th Cir. 2012) ("Mere negligence will not suffice." (citing *Farmer*, 511 U.S. at 835–36)). Because there is no suggestion of deliberate indifference, there is no whiff of a constitutional claim. *See Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."). Therefore, this case must come to an end. *See* 42 U.S.C. § 1915(e)(2)(B)(ii).

## C.

Lastly, Plaintiff may not appeal *in forma pauperis*, because an appeal from this Order would be frivolous and not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

## IV.

Accordingly, it is **ORDERED** that that Plaintiff's Complaint, ECF No. 1, is **SUMMARILY DISMISSED WITH PREJUDICE** for failure to state a claim under 42 U.S.C. § 1915(e)(2)(B)(ii).

Further, it is **ORDERED** that Plaintiff is **DENIED** leave to appeal *in forma pauperis*.

**This is a final order and closes the above-captioned case**.

Dated: March 31, 2023　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　United States District Judge